`UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEMCOR USA INC.** <br>                    Plaintiffs <br><br> **VERSUS** <br><br> **CIA SIDERURGICA DO PARA (COSIPAR) and AMERICA METALS TRADING LLP** <br>                    Defendants | **CIVIL ACTION** <br><br> **NUMBER:** <br><br> **SECTION:** <br><br> **JUDGE:** <br><br> **MAGISTRATE:** |

## VERIFIED COMPLAINT

Plaintiff, STEMCOR USA INC., ("Plaintiff") complaining of the above-named defendants CIA SIDERURGICA DO PARA(COSIPAR) ("Cosipar"), and AMERICA METALS TRADING LLP ("AMT"), alleges upon information and belief as follows:

1.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This court has admiralty jurisdiction under 28 U.S.C. § 1333.  The matter is instituted in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims in order to obtain security and jurisdiction.

2.      Venue is proper in the Court in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as defendants Cosipar and AMT have, upon information and belief, property in this district in the form of pig iron cargo located aboard the vessel M/V UBC SANTOS (IMO No. 9376000) which is presently maneuvering upbound in the Mississippi River toward a berth in the vicinity of AHP Mile 134 to 137.5 (Triangle Reserve Fleets).

PD.7869031.1

3.   At all material times, plaintiff was and now is a corporation organized and existing under the laws of Delaware with a principal place of business at the Empire State Building, 350 Fifth Avenue, Suite 1526, New York, NY 10118.

4.   At all material times, defendant Cosipar was and now is a corporation or other business existing under the laws of Brazil, having no office or place of business within this judicial district.

5.   At all material times, defendant AMT was and now is a corporation or other business existing under the laws of a England, with a principal place of business at 5 Lloyds Avenue, 3FL, London EC3N 3AE, United Kingdom.

6.   The defendants are in the business of manufacturing and shipping pig iron ore.  Upon information and belief, Cosipar is the manufacturer of the pig iron, and AMT acts as its trading arm.

### The April 3, 2012 Purchase Contract Between Plaintiff and Cosipar

7.   Pursuant to Purchase Contract No. NR10780 dated April 3, 2012, plaintiff agreed to purchase 6,000 metric tons of basic pig iron from Cosipar at a cost of $2,775,000.  A copy of the contract is attached as Exhibit "A."

8.   Pursuant to the contract, Cosipar was required to charter a vessel to ship the aforesaid cargo by no later than May 31, 2012.

9.   On April 27, 2012, plaintiff submitted a wire transfer pre-payment to AMT in the amount of $483,000. See Exhibit "B."

10.   Thereafter, on April 27, 2012, AMT issued plaintiff an Invoice confirming the pre-payment.  See Exhibit "C."

11.   On May 10, 2012, AMT issued Stemcor an invoice requesting another pre-payment under the abovementioned contract.  See Exhibit "D."

12. On May 11, 2012, plaintiff submitted an additional wire transfer pre-payment to AMT in the amount of $483,000. See Exhibit "E."

13. The total amount of pre-payments made by plaintiff in connection with purchase contract No. NR 10780 is $966,000.

14. All conditions precedent required of plaintiff under Purchase Contract No. NR10780 have been performed.

15. Although Cosipar issued bills of lading for the above-mentioned cargo (See Exhibit "F"), no cargo was ever delivered to plaintiff under Purchase Contract No. NR10780.

16. As such, Cosipar has breached Purchase Contract No. NR10780 by failing to deliver the above-mentioned cargo the plaintiff.

### The May 11, 2012 Purchase Contract Between Plaintiff and AMT

17. Pursuant to Purchase Contract No. FSP1685 dated May 11, 2012, plaintiff agreed to purchase 6,000 metric tons of basic pig iron from AMT at a cost of $2,754,000. A copy of Purchase Contract No. NR1685 is attached as Exhibit "G."

18. Pursuant to the agreement, Cosipar and AMT was required to charter a vessel to ship the aforesaid cargo by not later than May 31, 2012.

19. On May 10, 2012 AMT submitted invoices to plaintiff requesting pre-payment. See Exhibit "H."

20. On May 11, 2012 plaintiff submitted a wire transfer pre-payment to AMT in the amount of $2,340,900. See Exhibit "I."

21. The total amount of pre-payments submitted by plaintiff in connection with purchase contract No. FSP1685 is $2,340,900.

22.     All conditions precedent required of plaintiff under Purchase Contract No. FSP1685 have been performed.

23.     AMT eventually delivered 1,350 MT of Cargo under Purchase Contract No. FSP1685 valued at $540,000. No other cargo was ever delivered to plaintiff under Purchase Contract No. FSP1685.

24.     As such, AMT has breached Purchase Contract No. FSP1685 by failing to deliver the remainder of the above-mentioned cargo the plaintiff.

25.     As a result of defendants' breach, plaintiff has been deprived of the remainder of its pre-payments (totaling $2,766,900) and also the full value of each contract.

26.     As a result of defendants' breach plaintiff has suffered damages in the amount of $4,989,000, as best as can be ascertained to date, plus costs, interest and attorney's fees.

### Arbitration

27.     Pursuant to the terms of each agreement, plaintiff's claims are subject to arbitration in London.

28.     In accordance with 9 U.S.C. § 8, plaintiff is entitled to obtain pre-judgment security for its claims by way of a maritime attachment under Rule B. Plaintiff reserves the right to arbitrate the merits of the dispute.

### Writ Of Maritime Attachment

29.     Plaintiff incorporates by reference all of the allegations alleged in paragraphs 1-28, supra.

30.     Defendants have breached the aforesaid agreements as described above.

31.     Plaintiff avers upon information and belief that defendants cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

32.     However, upon information and belief received from local vessel agents in Brazil, plaintiff submits that both Cosipar and AMT will have goods and chattels within this district subject to attachment including, but not limited to, a cargo of 13,821 metric tons of pig iron aboard the vessel UBC SANTOS (the "Cargo"), which upon information and belief, is located within this District.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law and according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against the aforementioned Cargo, and that all persons claiming any title or right to said Cargo may be cited to appear and answer under oath the allegations of this Verified Complaint;

B.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds in the district which are due and owing or otherwise the property of to the Defendants, including the Cargo referenced above aboard the UBC SANTOS, up to the amount of $4,989,000 to secure the Plaintiff's claims, as best as can be presently

ascertained, together with interest, costs, attorney's fees, all other costs of this action, including Marshal's fees and expenses, and any required storage costs;

C. That the Cargo be attached forthwith, pursuant to Rule B(1) of the Supplemental Rules of Certain Admiralty and Maritime Claims and Federal Rules of Civil Procedure for writ of foreign attachment in the amount of $4,989,000, as best as can be presently ascertained, all pursuant to a writ of foreign attachment as authorized or permitted by the Federal Rules of Civil Procedure, and

D. That Plaintiff have such other and further relief as justice may require.

Respectfully submitted,

**PHELPS DUNBAR LLP**

_____
Robert J. Barbier (#2741)
Raymond T. Waid (#31351)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Attorneys for Plaintiff, Stemcor USA Inc.

**BLANK ROME LLP**
John D. Kimball (to be admitted Pro Hac Vice)
Jeremy A. Herschaft, Esq. (LA Bar No. 29246 )
The Chrysler Building
405 Lexington Ave.
New York, NY  10174-0208
Tel: (212) 885-5000
Fax: (212) 885-5001
jkimball@blankrome.com
jherschaft@blankrome.com

## **VERIFICATION**

STATE OF NEW YORK

COUNTY OF NEW YORK

BEFORE ME, the undersigned authority, personally came and appeared:

**JEREMY A. HERSCHAFT**

who, upon being duly sworn, did depose and say:

That he is an associate of the firm of Blank Rome LLP, attorneys for plaintiff; that he has read the foregoing Complaint, and the facts contained therein are true and correct to the best of his knowledge, information, and belief, and that the source of this information is communications received from the plaintiff and their agents; that he has been authorized by the plaintiff to execute this verification on plaintiff's behalf; and that he makes this verification as attorney because no officer of plaintiff is located at the place of the Court.

_____
JEREMY A. HERSCHAFT

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 5th DAY
OF October, 2012.

_____
NOTARY PUBLIC

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2013

7